# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **FATIMA ALI,,** <br><br> Plaintiff, <br><br> v. <br><br> **WALMART, INC., a foreign Corporation,** <br><br> Defendant. | No. 20-CV-00031 <br><br> Honorable Edmond E. Chang <br><br> Magistrate Judge Susan E. Cox |

## DEFENDANT'S ANSWER AND
## AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COMES, Walmart Inc. ("Walmart" or "Defendant"), by and through its attorneys, Littler Mendelson, P.C., and for its Answer and Affirmative Defenses to the Complaint of Plaintiff Fatima Ali ("Plaintiff"), states as follows:

**I.    Nature of the Case**

1.    Plaintiff, FATIMA ALI, (hereinafter "Ali" or "Plaintiff") was employed by Defendant, WALMART, INC. (hereinafter "Walmart" or "Defendant") from approximately October 12, 2017, through her termination on or about May 18, 2018.

**ANSWER:**    Defendant admits the allegations set forth in Paragraph 1 of Plaintiff's Complaint.

2.    This is an individual action brought by Plaintiff for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.* and the Illinois Human Rights Act, 775 ILCS 5/2-102 *et seq.*

**ANSWER:**    Defendant admits that Plaintiff purports to bring claims for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.* and the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/2-102 *et seq.*, but Defendant denies that it engaged in any conduct in violation of Title VII or the IHRA.

3. Plaintiff alleges violations of such acts based on pregnancy discrimination and wrongful termination.

**ANSWER:** Defendant admits that Plaintiff alleges violations of pregnancy discrimination and wrongful termination, but Defendant denies that it engaged in any conduct to establish a violation of any law.

4. As a result of Defendant's unlawful conduct, Plaintiff has suffered a significant hostile work environment, lost wages and benefits and has suffered and continues to suffer significant emotional distress. Plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages, reasonable attorneys' fees and costs and other appropriate legal and equitable relief.

**ANSWER:** Paragraph 4 contains legal conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 4 of Plaintiff's Complaint.

**II.  Jurisdiction and Venue**

5. This Court has jurisdiction of this case pursuant to 42 U.S.C. § 2000e and supplemental jurisdiction over Plaintiff's Illinois Human Rights Act claims pursuant to 28 U.S.C. § 1367.

**ANSWER:** Defendant admits that this Court has jurisdiction pursuant to 42 U.S.C. § 2000e and supplemental jurisdiction pursuant to 28 U.S.C. § 1367, but Defendant denies that it engaged in any conduct giving rise to such jurisdiction.

6. This action properly lies in this district pursuant to 28 U.S.C. § 1391 because the claims arose in this judicial district.

**ANSWER:** Defendant admits that this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b)(1), and that Defendant is a resident of the judicial district. Upon information and belief, Defendant admits that Plaintiff is a resident of the judicial district. Defendant denies that it committed any unlawful employment practices or other illegal conduct giving rise to any claim occurring in this judicial district. Except as expressly

admitted herein, Defendant denies the allegations of Paragraph 6 of Plaintiff's Complaint.

### III. Procedural Requirements

7. Plaintiff Ali has complied with all administrative prerequisites by filing with the Illinois Department of Human Rights ("IDRH") (cross-filed with U.S. Equal Employment Opportunity Commission "EEOC") a Charge of Discrimination based on pregnancy discrimination and wrongful termination. (See Exhibit I, attached hereto).

**ANSWER:** Defendant admits that Plaintiff filed a charge of employment discrimination with the Illinois Department of Human Rights ("IDHR") and cross-filed with the U.S. Equal Employment Opportunity Commission ("EEOC"). Defendant denies the remaining allegations set forth in Paragraph 7 of Plaintiff's Complaint.

8. On October 17, 2019, The Illinois Department of Human Rights issued a Notice of Substantial Evidence as to Plaintiff's above mentioned Charge and, as such, this is a timely filed Complaint.[1]

**ANSWER:** Paragraph 8 contains legal conclusions to which a response is not required. To the extent a response is required, Defendant admits the allegations set forth in Paragraph 8 of Plaintiff's Complaint.

### IV. Parties

9. Plaintiff is a citizen of the United States of America and at all times relevant resided at and currently resides in Hickory Hills, County of Cook, State of Illinois.

**ANSWER:** On information and belief, Defendant admits the allegations set forth in Paragraph 9 of Plaintiff's Complaint.

10. Plaintiff was hired by Defendant on or around October 12, 2017. Plaintiff held the position of cashier on the overnight shift until her termination on or about May 18, 2018.

**ANSWER:** Defendant admits the allegations set forth in Paragraph 10 of Plaintiff's Complaint.

---

[1] The U.S. EEOC issued a Notice of Right to Sue on November 8, 2019.

11. Defendant is a foreign corporation and global retailer, with its headquarters in Bentonville, Arkansas. Defendant conducts business in Illinois in that it owns and operates various Walmart stores in and around the Chicagoland area, including store #1556 located at 9265 159th Street, Orland Hills, Illinois.

**ANSWER:** Defendant admits the allegations set forth in Paragraph 11 of Plaintiff's Complaint.

12. Plaintiff worked at Defendant's Walmart store location at 9265 159th Street, Orland Hills, Illinois, at all relevant times.

**ANSWER:** Defendant lacks sufficient information or knowledge to admit or deny what Plaintiff means by "at all relevant times" and, therefore denies this allegation. Defendant admits the remaining allegations set forth in Paragraph 12 of Plaintiff's Complaint.

13. At all relevant times, Plaintiff performed her job satisfactorily and to the reasonable business expectations of her employer, Walmart.

**ANSWER:** Defendant lacks sufficient information or knowledge to admit or deny what Plaintiff means by "at all relevant times" and, therefore denies this allegation. Defendant denies the remaining allegations set forth in Paragraph 13 of Plaintiff's Complaint.

14. At all relevant times, Defendant was and is now an employer with fifteen or more employees in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e (b), (g) and (h).

**ANSWER:** Defendant lacks sufficient information or knowledge to admit or deny what Plaintiff means by "at all relevant times" and, therefore denies this allegation. Paragraph 14 also contains legal conclusions to which a response is not required. To the extent a response is required, Defendant admits that it is an employer.

15. At all relevant times, Defendant was and is now an employer with one or more employees within the meaning of Illinois Human Rights Act, 775 ILCS 5/101(B)(l)(b).

**ANSWER:** Defendant lacks sufficient information or knowledge to admit or deny what Plaintiff means by "at all relevant times" and, therefore denies this allegation. Paragraph 15 also

contains legal conclusions to which a response is not required. To the extent a response is required, Defendant admits that it is an employer.

16. At all relevant times, Plaintiff was an employee of Defendant's as defined by Title VII, 42 U.S.C. § 2000e(f) and the Illinois Human Rights Act, 775 ILCS 5/2-101(A).

**ANSWER:** Defendant lacks sufficient information or knowledge to admit or deny what Plaintiff means by "at all relevant times" and, therefore denies this allegation. Paragraph 16 also contains legal conclusions to which a response is not required. To the extent a response is required, Defendant admits that it employed Plaintiff.

### V. Factual Allegations

17. Prior to her hiring by the defendant, Plaintiff informed Defendant that she was pregnant with an expected due date of December 30, 2017.

**ANSWER:** Defendant admits that it was aware Plaintiff was pregnant at the time of her hire. Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations of Paragraph 17 of Plaintiff's Complaint, and, therefore, denies same.

18. At all relevant times, Plaintiff performed her job in a satisfactory manner and met Defendant's legitimate business expectations.

**ANSWER:** Defendant lacks sufficient information or knowledge to admit or deny what Plaintiff means by "at all relevant times" and, therefore denies this allegation. Defendant denies the remaining allegations set forth in Paragraph 18 of Plaintiff's Complaint.

19. On or about February 11, 2018, Plaintiff returned to work without any physical restrictions following childbirth. Upon her return, she informed Defendant that she was breastfeeding her child and, therefore, would need to pump every few hours to express breastmilk and store the breastmilk in a refrigerator.

**ANSWER:** Defendant admits the allegations set forth in Paragraph 19 of Plaintiff's Complaint.

20. Plaintiff requested reasonable breaks for the purpose of expressing breastmilk, that she be provided a clean, private space for pumping and that she be provided a safe, secure place to store her pumping equipment and breastmilk.

**ANSWER:** Defendant admits that Plaintiff requested breaks for the purpose of expressing breastmilk. Defendant denies the remaining allegations set forth in Paragraph 20 of Plaintiff's Complaint.

21. Initially, Plaintiff was instructed by management to use the washroom for breastfeeding. As the washroom was not a clean nor private location, after several pumping sessions, she reasonably requested to be provided another location to express breastmilk.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 21 of Plaintiff's Complaint.

22. Plaintiff's managers then instructed her to pump in the public fitting rooms. The fitting rooms were also not clean nor private. Customers and associates would knock on the fitting room door and continually interrupt her pumping. On one occasion, a customer entered the fitting room by sliding underneath the door while Plaintiff's breasts were exposed.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 22 of Plaintiff's Complaint.

23. Plaintiff repeatedly and continuously complained about being forced to pump in the public fitting rooms. Thereafter, on isolated occasions, Plaintiff was allowed to pump in the manager's office. Several other people had access to the manager's office. When Plaintiff did have permission to use the manager's office, she would place a note on the office door stating that she was pumping, ask for privacy and not to be disturbed. Despite such note, on at least one occasion, a manager entered the office while Plaintiff's breasts were exposed.

**ANSWER:** Defendant admits that Plaintiff was allowed to use the manager's office to express milk, that manager's had keys to the office, and, on one occasion, a manager opened the office door. Defendant denies the remaining allegations set forth in Paragraph 23 of Plaintiff's Complaint.

24. Despite her reasonable request, Defendant failed to provide Plaintiff with a clean, secure areas to store her pumping equipment, which became damaged, nor was she provided with a secure refrigerated area to store her breastmilk, resulting in her breast milk disappearing on one

occasion.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 24 of Plaintiff's Complaint.

25. Plaintiff was also denied reasonable breaks during her work shift for the purpose of expressing breastmilk. Management instructed Plaintiff that she could take a lunch break or express breastmilk, not both. Plaintiff complained to her managers about the lack of flexibility related to her breaks, the lack of a secure and clean area for her breastfeeding equipment and the lack of secure refrigerator space for her expressed breastmilk; however, Defendant did not take immediate or effective action.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 25 of Plaintiff's Complaint.

26. Additionally, when Plaintiff requested breaks and relief from her position to breastfeed, she was repeatedly and continuously subjected to hostility and harassment from other associates and management including but not limited to being asked why she had to pump at work and why she could not pump at home; told that she should be at home with her baby rather than at work; told that she was taking too long to pump; asked if pumping was a "cultural" thing; asked why her husband could not provide for her family so that she could stay home with her child; and many other demeaning and derogatory comments.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 26 of Plaintiff's Complaint.

27. Plaintiff repeatedly reported such comments and behaviors to management, however, no remedial action was taken and the comments and behavior were allowed to continue.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 27 of Plaintiff's Complaint.

28. Additionally, when Plaintiff returned from maternity leave, Plaintiff was subjected to harsher and more negative terms and conditions of employment than other similarly situated employees which included, but was not limited to, being given more negative employment reviews and being subjected to harsher and unjustified discipline.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 28 of Plaintiff's Complaint.

29. After making numerous complaints and reports, both oral and in writing, to management regarding the above harassment, misconduct and failure to accommodate, Plaintiff was subjected to harsher and more negative terms and conditions of employment which included but were not limited to, being subjected to additional harassment, unjustified discipline and on May 18, 2018, termination of her employment.

**ANSWER:** Defendant admits that Plaintiff was terminated on May 18, 2018. Defendant denies the remaining allegations set forth in Paragraph 29 of Plaintiff's Complaint.

## COUNT I
### Failure to Accommodate - Title VII and Illinois Human Rights Act

30. Plaintiff repeats and re-alleges paragraphs 1-29 of the Complaint as if they are fully set forth herein.

**ANSWER:** Defendant incorporates by reference and asserts its Answers to Paragraphs 1 to 29 of Plaintiff's Complaint, inclusive, as its Answer to Paragraph 30 of Plaintiff's Complaint.

31. Despite Plaintiff's reasonable and repeated requests for the accommodation of a private, safe, secure place to lactate, reasonable breaks to do so, and a safe secure place to store her lactation equipment and expressed breastmilk, Defendant failed to comply with such requests in violation of the Illinois Nursing Mothers in the Workplace Act (820 ILCS 260/1 et sec.), Section 7 of the Fair Labor Standards Act (29 U.S.C. 207) as well as its own established policies.

**ANSWER:** Defendant objects to the allegations set forth in Paragraph 31 of Plaintiff's Complaint because they state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 31 of Plaintiff's Complaint.

32. As a result of Defendant's unlawful employment actions complained of herein, Plaintiff experienced, and continues to experience, lost wages and benefits, and has suffered and continues to suffer from severe emotional distress, embarrassment, mental anguish and humiliation.

**ANSWER:** Defendant objects to the allegations set forth in Paragraph 32 of Plaintiff's Complaint because they state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 32 of Plaintiff's Complaint.

WHEREFORE, Plaintiff, FATIMA ALI, respectfully prays that this Court enter an Order:

(a) Declaring the conduct of Defendant and its agents/employees, as described herein, is in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, 29 U.S.C. 207, and the Illinois Human Rights Act, 775 ILCS 5/2- 102(1) and (J) and 820 ILCS 260/1 *et seq.*;

(b) Awarding Plaintiff back pay and benefits and any other pecuniary losses she suffered as a result of Defendant's conduct;

(c) Awarding Plaintiff compensatory damages;

(d) Awarding punitive damages;

(e) Awarding Plaintiff reasonable attorneys' fees and costs; and

(f) Awarding any other relief this Court deems fit.

**ANSWER:** Defendant denies that Plaintiff is entitled to any relief whatsoever, including the relief sought in her Wherefore Paragraph, and denies that this Court should enter judgment in favor. Defendant denies the remaining allegations set forth in the Wherefore Paragraph of Plaintiff's Complaint.

### COUNT II
### Discrimination and wrongful termination - Title VII and Illinois Human Rights Act

33. Plaintiff repeats and re-alleges paragraphs 1-29 of the Complaint as if they are fully set forth herein.

**ANSWER:** Defendant incorporates by reference and asserts its Answers to Paragraphs 1 to 29 of Plaintiff's Complaint, inclusive, as its Answer to Paragraph 33 of Plaintiff's Complaint.

34. As set forth herein, after Plaintiff returned from pregnancy leave and began to request accommodation for her lactation, Defendant took discriminatory actions that include but are not limited to:

    a. creating obstacles to safe, sanitary and uninterrupted lactation;

    b. permitting Plaintiff to be subjected to and subjecting Plaintiff to be a hostile work environment because of her status as a lactating mother, including but not limited to allowing her to be asked why she had to pump at work and why she could not pump at home; telling Plaintiff that she should be at home with her baby rather than at work; telling Plaintiff that she was taking too

long to pump; allowing her to be asked if pumping was a "cultural" thing; asked why her husband could not provide for her family so that she could stay home with her child; and many other demeaning and derogatory comments.

c. permitting Plaintiff to be subjected to and subjecting Plaintiff to hostile acts because of her status as a lactating mother, including but not limited to, associates and managers interrupting her pumping breaks; Plaintiff enduring humiliation of having her breasts exposed to a customer and a manager when her pumping breaks were interrupted without notice, Plaintiff being threatened and assaulted by co-workers angered by Plaintiff's need for lactation breaks and Plaintiff having her pumping equipment and expressed breastmilk tampered with, broken and/or removed from storage.

d. permitting Plaintiff to be subjected to and subjecting Plaintiff to harsher and more negative terms and conditions of employment than other similarly situated employees which included, but was not limited to, being given more negative employment reviews and being subjected to harsher and unjustified discipline.

e. denying Plaintiff reasonable breaks for lactation; and

f. terminating Plaintiff's employment.

**ANSWER:** Defendant objects to the allegations set forth in Paragraph 34, including subparts a through f, of Plaintiff's Complaint because they state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 34 of Plaintiff's Complaint.

35. The foregoing constitutes impermissible employment actions in violation of the Illinois Human Rights Act, 775 ILCS 5/102(1) and (J) and Title VII, 42 U.S.C. § 2000e *et seq.*

**ANSWER:** Defendant objects to the allegations set forth in Paragraph 35 of Plaintiff's Complaint because they state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 35 of Plaintiff's Complaint.

36. As a result of Defendant's unlawful employment actions complained of herein, Plaintiff experienced, and continues to experience, lost wages and benefits, and has suffered and

continues to suffer from severe emotional distress, embarrassment, mental anguish and humiliation.

**ANSWER:** Defendant objects to the allegations set forth in Paragraph 36 of Plaintiff's Complaint because they state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 36 of Plaintiff's Complaint.

WHEREFORE, Plaintiff, FATIMA ALI, respectfully prays that this Court enter an Order:

(a) Declaring the conduct of Defendant and its agents/employees, as described herein, is in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* and the Illinois Human Rights Act, 775 ILCS 5/2-102(1) and (J);

(b) Awarding Plaintiff back pay and benefits and any other pecuniary losses she suffered as a result of Defendant's conduct;

(c) Awarding Plaintiff compensatory damages;

(d) Awarding Plaintiff punitive damages;

(e) Awarding Plaintiff reasonable attorneys' fees and costs; and

(f) Awarding any other relief this Court deems fit.

**ANSWER:** Defendant denies that Plaintiff is entitled to any relief whatsoever, including the relief sought in her Wherefore Paragraph, and denies that this Court should enter judgment in favor. Defendant denies the remaining allegations set forth in the Wherefore Paragraph of Plaintiff's Complaint.

## COUNT III
### Retaliation -Title VII and Illinois Human Rights Act

37. Plaintiff repeats and re-alleges paragraphs 1-29 of the Complaint as if they are fully set forth herein.

**ANSWER:** Defendant incorporates by reference and asserts its Answers to Paragraphs 1 to 29 of Plaintiff's Complaint, inclusive, as its Answer to Paragraph 37 of Plaintiff's Complaint.

38. Plaintiff repeatedly, both orally and in writing, complained to and about her managers of the discriminatory behavior as outlined herein.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 38 of Plaintiff's Complaint.

39. Plaintiff repeatedly, both orally and in writing, complained to and about her managers about the failures to accommodate her reasonable requests for accommodation related to lactation, as outlined herein.

**ANSWER:** Defendant objects to the allegations set forth in Paragraph 39 of Plaintiff's Complaint because they state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 39 of Plaintiff's Complaint.

40. As a result of her repeated reports and complaints of discriminatory behavior and failure to accommodate, Defendant subjected Plaintiff to retaliatory behavior, including but not limited to:

    a. creating obstacles to safe, sanitary and uninterrupted lactation;

    b. permitting Plaintiff to be subjected to and subjecting Plaintiff to be a hostile work environment because of her status as a lactating mother, including but not limited to allowing her to be asked why she had to pump at work and why she could not pump at home; telling Plaintiff that she should be at home with her baby rather than at work; telling Plaintiff that she was taking too long to pump; allowing her to be asked if pumping was a "cultural" thing; asked why her husband could not provide for her family so that she could stay home with her child; and many other demeaning and derogatory comments.

    c. permitting Plaintiff to be subjected to and subjecting Plaintiff to hostile acts because of her status as a lactating mother, including but not limited to, associates and managers interrupting her pumping breaks; Plaintiff enduring humiliation of having her breasts exposed to a customer and a manager when her pumping breaks were interrupted without notice, Plaintiff being threatened and assaulted by co-workers angered by Plaintiff's need for lactation breaks and Plaintiff having her pumping equipment and expressed breastmilk tampered with, broken and/or removed from storage.

      d.      permitting Plaintiff to be subjected to and subjecting Plaintiff to harsher and more negative terms and conditions of employment than other similarly situated employees which included, but was not limited to, being given more negative employment reviews and being subjected to harsher and unjustified discipline.

      e.      denying Plaintiff reasonable breaks for lactation; and

      f.      terminating Plaintiff's employment.

**ANSWER:** Defendant objects to the allegations set forth in Paragraph 40, including subparts a through f, of Plaintiff's Complaint because they state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 40 of Plaintiff's Complaint.

41.    The foregoing constitutes impermissible retaliation in violation of Title VII and the Illinois Human Rights Act.

**ANSWER:** Defendant objects to the allegations set forth in Paragraph 41 of Plaintiff's Complaint because they state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 41 of Plaintiff's Complaint.

42.    As a result of Defendant's unlawful employment actions complained of herein, Plaintiff experienced, and continues to experience, lost wages and benefits, and has suffered and continues to suffer from severe emotional distress, embarrassment, mental anguish and humiliation.

**ANSWER:** Defendant objects to the allegations set forth in Paragraph 42 of Plaintiff's Complaint because they state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 42 of Plaintiff's Complaint.

WHEREFORE, Plaintiff, FATIMA ALI, respectfully prays that this Court enter an Order:

      (a)      Declaring the conduct of Defendant and its agents/employees, as described herein, is in violation of Title VII of the Civil Rights Act of 1964, as

        amended, 42 U.S.C.§ 2000e *et seq.* and the Illinois Human Rights Act, 775 ILCS 5/2-102(1) and (J);

(b) Awarding Plaintiff back pay and benefits and any other pecuniary losses she suffered as a result of Defendant's conduct;

(c) Awarding Plaintiff compensatory damages;

(d) Awarding punitive damages;

(e) Awarding Plaintiff reasonable attorneys' fees and costs; and

(f) Permanently enjoining and restraining Defendant, from, in any manner:

    (i) allowing or permitting retaliation related to requests for reasonable accommodations relating to pregnancy; and

(g) Awarding any other relief this Court deems fit.

**ANSWER:** Defendant denies that Plaintiff is entitled to any relief whatsoever, including the relief sought in her Wherefore Paragraph, and denies that this Court should enter judgment in favor. Defendant denies the remaining allegations set forth in the Wherefore Paragraph of Plaintiff's Complaint.

## JURY DEMAND

Plaintiff demands that this case be tried by a jury.

**ANSWER:** Defendant acknowledges that Plaintiff has demanded a trial by jury, but denies that this case calls for a jury trial or any trial whatsoever.

## DEFENDANT'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

To the extent that Plaintiff's Complaint, in whole or in part, fails to state a claim for which relief may be granted, her claims are barred.

### SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiff failed to exhaust her administrative remedies, including, but not limited to, her failure to accommodate, discrimination and wrongful termination claim under Title VII and the IHRA, her claims are barred.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent they arose outside the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Any actions taken by Defendant were taken for legitimate, nondiscriminatory business reasons, and not on account of Plaintiff's pregnancy, or any other protected category, or in retaliation.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has failed to comply with the duty to mitigate her alleged damages, Plaintiff's damages are barred or limited.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims for compensatory or any other damages under Title VII and IHRA are limited by the damages cap imposed by those Acts.

### **SEVENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff is seeking punitive damages, she is not entitled to such relief because the Complaint, and the claims set forth therein, fail to plead sufficient facts to support recovery of punitive damages.

### **EIGHTH AFFIRMATIVE DEFENSE**

Even if Defendant's actions and decisions was motivated, in part, by unlawful discriminatory intent (which Defendant denies), Plaintiff's claims fail because Defendant would have taken the same actions and made the same decisions for legitimate, non-discriminatory and non-retaliatory reasons.

### **NINTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff's claims are subject to the doctrine of after-acquired evidence or unclean hands, any remedy or recovery to which Plaintiff might have been entitled must be denied or reduced accordingly.

### **TENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to special damages, double damages, liquidated damages, injunctive relief, and/or punitive damages because all actions regarding Plaintiff were taken in good faith and for legitimate reasons, and without malice, willfulness, evil intent, discriminatory intent, or intent to violate any law.

### **ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for punitive damages are barred because an award of punitive damages in this case would be unconstitutional under the United States and/or Illinois Constitution.

### TWELVE AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent any actions about which Plaintiff's complains were taken by Defendant in good faith and Defendant had reasonable grounds for believing that its actions were, at all times, in compliance with the Title VII, IHRA and all applicable laws.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff was treated no differently than any other similarly-situated employees outside of her protected class.

### FOURTEENTH AFFIRMATIVE DEFENSE

Each and every action taken by Defendant with regard to Plaintiff's employment was based on reasonable factors other than her pregnancy or any alleged protected activity.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant acted at all times in good faith, and Defendant consistently maintained, implemented, and enforced its policy in the workplace against discrimination, harassment, and retaliation and otherwise exercised reasonable care to prevent and correct promptly any claims of discrimination, harassment and/or retaliation to which Plaintiff claims she was subjected. Plaintiff unreasonably failed to take advantage of preventative and corrective opportunities or to otherwise avoid harm.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant is not vicariously liable for any act or omission of any other person, by way of *respondeat superior*, agency or otherwise.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant is not liable for punitive damages because it at all times made a good faith effort to comply with all applicable laws. Any actions taken by Defendant regarding Plaintiff were taken

in good faith, in accordance with its internal policies against discrimination, harassment, and retaliation and applicable laws, and not taken wantonly or with malice or bad faith and/or reckless indifference to the Plaintiff's protected rights. Defendant therefore did not willfully violate any law with respect to its treatment of Plaintiff, thereby negating Plaintiff's entitlement to punitive damages. To the extent that Plaintiff cannot prove actual or punitive damages, she can only recover nominal damages.

Defendant reserves the right to amend its Answer to raise any additional defenses that may become available during the discovery process, as well as the right to assert additional affirmative defenses as established by the facts of the case. To the extent that any of the foregoing allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

**WHEREFORE**, Defendant denies that Plaintiff is entitled to judgment in any amount whatsoever, and respectfully submits that the entire Complaint should be dismissed in its entirety on the merits and with prejudice, and that Defendant be awarded costs incurred in defending this lawsuit, including reasonable attorneys' fees, as well as such other legal and equitable relief as the Court deems proper.

Respectfully submitted,

*/s/Jenna Kim*
Jenna Kim ARDC# 6327155

Michael A. Wilder ARDC# 6291053
Jenna Kim ARDC# 6327155
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1000
Chicago, IL 60654
312.372.5520
mwilder@littler.com
jekim@littler.com
Dated: March 12, 2020

## CERTIFICATE OF SERVICE

Jenna Kim, an attorney, hereby certifies that on **March 12, 2020**, she caused a copy of the foregoing *Defendant's Answers to Plaintiff's Complaint* to be electronically filed with the Clerk of the Court, using the court's CM/ECF system. Notification of such filing will be sent to the following counsel of record:

**Seth R. Halpern**
**Meredith W. Buckley**
MALKINSON & HALPERN, P.C.
33 N. Dearborn Street, Suite 1540
Chicago, IL 60602
(312) 427-9600
shalpern@mhtriallaw.com
mbuckley@mhtriallaw.com

               */s/Jenna Kim*
                 Jenna Kim

4823-8579-1158.1 080000.4061